[No. 37075. Department One. March 19, 1964.]

JOHN UNDERWOOD, SR., as *Guardian, Appellant,* v. B. M. TREMAINE *et al., Respondents.*\*

*Lycette, Diamond & Sylvester, Hollister & Thomas,* and *Earle W. Zinn,* for appellant.

*Kahin, Horswill, Keller, Rohrback, Waldo & Moren,* for respondents.

PER CURIAM.—This is an appeal by a plaintiff from a summary judgment of dismissal in an action brought on behalf of a minor who was a passenger in the disfavored car in an intersection[1] collision. (We shall hereafter refer

\*Reported in 390 P. (2d) 533.

---

[1] The intersection was where State Highway 7 merges with U. S. Highway 10 at the approximate angle shown by the accompanying sketch.

Plaintiff was traveling on combined U. S. Highway 10 and State

to the minor as though he were the plaintiff.) The negligence of the driver of that car, not being attributable to the plaintiff, there is but one issue, and that is whether there is any evidence of negligence on the part of the favored driver that would raise a genuine issue of fact to be determined at a trial.

The two cars collided almost head-on almost immediately after the car in which the plaintiff was riding was driven across the white center line on U. S. Highway 10 into the lane on which the defendants were traveling and where they had the right of way.

The depositions of the defendants and the affidavits of the witnesses were before the trial court, including the affidavits of three disinterested witnesses who were in an automobile on State Highway 7. They had stopped and were waiting for an opportunity to enter the intersection. The collision occurred almost directly in front of them.

The plaintiff is unable to point to any controverted material fact. He suggests three possible inferences, none of which have any relation to the practicalities of the situation:

(1) He urges that maybe there was a failure to keep a lookout ahead, based on the defendant driver's testimony that he was giving some attention to the car of the disinterested witnesses on his right which had been approaching

Highway 7, intending to continue on State Highway 7 toward Ephrata. Defendants were traveling on U. S. Highway 10 going toward Seattle.

the intersection on State Highway 7 from the north, and he infers therefrom that the defendant driver was not watching directly ahead. However, there was no reason to be concerned about the car in which the plaintiff was riding, until it suddenly crossed the center line into the defendants' lane of travel. The defendant driver did see it just as it came across the center line; and no amount of lookout ahead could have made its presence on the highway significant prior to that time.

(2) The suggestion that maybe the defendants' speed (40 to 45 miles per hour), though well within the legal limit (60 miles per hour), may have been unreasonable under the circumstances, is completely unrealistic.

(3) It is urged that maybe the defendant driver's reduction of speed from 50-55 miles to 40-50 miles per hour, because of his concern about the car approaching the intersection on the right, deceived the driver of plaintiff's car into thinking defendants were affording him the right of way. The "deception rule" is used to excuse the negligence of the disfavored driver, not to establish the negligence of the favored driver. In any event, the driver of the plaintiff's car, having been killed in the collision, could not testify as to whether he was deceived. Neither can we equate such a reduction in speed with a claimed deception, nor with negligence.

The trial court could see no evidence or inference therefrom, from which a jury could conclude that the defendant driver was negligent, hence the summary judgment of dismissal. Neither can we, hence we affirm the judgment.